FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 23  A 9: 08

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY AND MARGARET BLANCHARD,**<br>**et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-4198-ILRL-SS** |
| **SUNDOWN ENERGY, LP** | |

## <u>ORDER</u>

SUNDOWN'S MOTION FOR MORE DEFINITE STATEMENT (Rec. doc. 6)

**DENIED**

The plaintiffs allege that on August 29, 2005, the defendant, Sundown Energy, LP ("Sundown"), released substantial quantities of hydrocarbons onto the properties owned by plaintiffs near Port Sulphur, Louisiana, and caused irrevocable damage to the properties. On information and belief the plaintiffs allege that the release was not the result of an act of God, but was the result of Sundown's direct negligence. The plaintiffs seek class certification. Among the purported common issues of law and fact is the question of whether Sundown is liable for damages to the plaintiffs' property pursuant to La. Civ. Code Ann. art. 2317. Rec. doc. 1.

Sundown filed a motion for more definite statement. It argues that the complaint is so vague

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

and ambiguous that it cannot reasonably be required to frame a responsive pleading, because: (1) there is no mention that Hurricane Katrina struck Louisiana and Mississippi, including Port Sulphur, on August 29, 2005; (2) of the absence of any description of Sundown's alleged direct negligence; and (3) the complaint's reliance on Article 2317 without explanation.  Sundown contends that if it answers the plaintiffs' inadequate complaint it will only compound the problem the court will confront in setting the boundaries of discovery.  The plaintiffs respond that the complaint complies with the requirements of Fed. R. Civ. P. 8.  They argue that if Sundown requires details as to the specific manner in which it is claimed to be negligent, it can do so through discovery.

A motion for a more definite statement is not favored and is granted sparingly. 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.36[1] (3d ed. 1997).  "In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle or obtaining the detailed information."  Id.  A claim for relief is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a).  The plaintiffs' complaint complies with the pleading requirements of Rule 8.

The difficulty presented by the plaintiffs' complaint may arise with discovery sought by the plaintiffs.  It is anticipated that Sundown will object to the scope of discovery sought by the plaintiffs and that plaintiffs will present a motion to compel discovery.  The plaintiffs may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed R. Civ. P. 26 (b)(1).  Under Fed. R. Civ. P. 26(b)(1), the court must focus on the claims and defenses involved in the action.  Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments.

The focus will be on the plaintiffs' allegation of direct negligence on the part of Sundown.  "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Id.  The plaintiffs' complaint, however, is almost bare of any description of the facts and circumstances of the action.[1]

While the scope of discovery is not before the court, Sundown's motion and the plaintiffs' response demonstrate the likelihood of discovery disputes.  The parties' attention is invited to the requirements of L.R. 37.1, which provides that:

> No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.  Counsel for the moving party shall arrange the conference.

L.R. 37.1.  While the rule does not specify how the moving party is to schedule a conference, it is explicit in requiring that the parties confer before a motion to compel is filed.  A letter or even an exchange of letters does not fulfill the requirement that the parties confer.  The rule establishes that the moving party must initiate the conference with reasonable notice.  If the plaintiffs or the defendants fail to <u>fully</u> comply with the requirements of L.R. 37.1 prior to filing a motion to compel, the motion to compel will be denied.  The complete denial of a motion to compel discovery at the outset of the case could seriously impact either side's ability to prepare for trial.

It is anticipated that Sundown (and perhaps plaintiffs) will contend that some information is protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

---

[1] The scope of discovery will also be defined by the defenses asserted by defendants.

It must adhere to the requirements of Fed. R. Civ. P. 26(b)(5) and provide a detailed privilege log for any information that it contends is protected from disclosure. Before filing a motion to compel in which a party has asserted a claim of privilege, the moving party must fully comply with L.R. 37.1. This requires a conference in which the parties review the circumstances pertaining to each document withheld from production. The certificate required by L.R. 37.1 shall include the results of this conference for each document identified on the privilege log that remains in dispute after the conference.

IT IS ORDERED that Sundown's motion for more definite statement (Rec. doc. 6) is DENIED.

New Orleans, Louisiana, this 22nd day of December, 2005.

SALLY SHUSHAN
United States Magistrate Judge